UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LATISHA MORGAN, | : |
| Plaintiff, | : NO. 1:09-CV-00271 |
| v. | : |
| | : **OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

This matter is before the Court on the Magistrate Judge's March 30, 2010 Report and Recommendation (doc. 19), Defendant's Objections (doc. 20), and Plaintiff's Response (doc. 22). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, FINDS the ALJ's non-disability finding not supported by substantial evidence, ENTERS Judgment in favor of Plaintiff awarding benefits, and CLOSES this matter on the court's docket.

**I. Background**

Plaintiff filed this action on April 16, 2009, seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's applications for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits for lack of disability (doc. 1). Plaintiff originally filed an application for DIB on May 16, 2003, alleging a disability onset of February 1,

1997, due to borderline intellectual functioning, post-tramautic stress disorder, adjustment disorder, and thrombocytopenic purpura, avascular necrosis of the bilateral hips (doc. 19). Plaintiff also applied for SSI, on October 25, 2004, alleging a disability onset date of March 4, 1997 (Id.).

Plaintiff's applications were denied by the Social Security Administration initially and upon reconsideration (Id.). Plaintiff then requested and obtained a hearing on September 12, 2007 before an administrative law judge ("ALJ") (Id.). At the hearing, a Vocational Expert ("VE") and Plaintiff testified (Id.).

The ALJ issued a partially favorable decision finding that Plaintiff was disabled beginning February 1, 1997, and ending on July 31, 2004 (Id). The ALJ found that Plaintiff was not disabled beginning July 31, 2004, because at such time she could perform a significant number of jobs despite the limitations caused by her impairments (Id.). Plaintiff appealed to the Appeals Council, which denied the appeal and therefore made the ALJ's decision the final decision of the Commissioner as of March 20, 2009 (Id.).

At issue in Plaintiff's appeal is whether the ALJ erred in finding Plaintiff's medical condition improved such that she was no longer under a disability as defined by the regulations, and therefore no longer entitled to DIB or SSI benefits (Id.). In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's

findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that the record clearly establishes disability in this matter (Id.). In fact, the Magistrate Judge found the ALJ erred in finding medical improvement, as the only evidence that exists on the issue of her mental health supports her claim for disability (Id.). Because he found proof of disability is overwhelming, the Magistrate Judge recommended a remand for an immediate award of benefits (Id.). Defendant filed its Objections (doc. 20), and Plaintiff her Response (doc. 22), such that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Defendant filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being

3

that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

**A.    The Magistrate Judge's Report and Recommendation (doc. 19)**

The Magistrate Judge noted that under 42 U.S.C. §423(f)(1), the Commissioner may not find a disabled person no longer disabled unless such a finding is supported by "substantial evidence which demonstrates that (A) there has been any medical improvement in the individual's impairment or combination of impairments. . .and (B) the individual is now able to engage in substantial gainful activity." The Magistrate Judge further noted that SSA regulations define "medical improvement" as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled" (Id. citing 20 C.F.R. § 404.1594(b)(1)).

The Magistrate Judge found the medical evidence from July 31, 2004 through July 29, 2007 (the date of most recent medical records) failed to evidence improvement (Id.). The Magistrate

4

Judge found the only evidence since July 31, 2004 is 1) physical exams from Dr. Stoudmire, who noted that Plaintiff had a GAF[1] of 55 and visual and auditory hallucinations, improved mood in March 2005, but release from a job training program in April 2005 for threatening another student; 2) an August 2005 opinion of Dr. Finnerty, a state agency psychologist, who saw Plaintiff once and opined she had moderate limitations; and 3) July 29, 2007 records, from when Plaintiff was admitted to Fort Hamilton Hospital for suicidal ideation, at which time she was diagnosed with schizoaffective disorder and assigned a GAF of 35 upon discharge, indicating major impairments in multiple areas (Id.).

The Magistrate Judge found that reliance on such limited records to support a finding of medical improvement is improper (Id.). The Magistrate Judge further found that the ALJ's recognition that there was little information regarding Plaintiff's mental health is dispositive, since the burden on the administration is to show substantial evidence supporting medical improvement (Id.). In fact, the Magistrate Judge found Plaintiff's most recent medical records and GAF finding indicate even worse functional abilities than those possessed at the time of initial determination in 1998 (Id.). The Magistrate Judge noted that while

---

[1] The acronym GAF refers to Global Assessment of Functioning, a numeric score mental health physicians use to rate the social, occupational, and psychological functioning of adults. A score of 55 can reflect moderate difficulty in such functioning. A score under 40 can reflect major impairment in several areas, including an inability to work.

5

it is Plaintiff's burden of proving she is under a disability, it is the administration's responsibility to satisfy the burden of proof in termination proceedings (Id. Citing Nierzwick v. Comm'n of Soc. Sec., 7 Fed. Appx. 358, 361 (6th Cir. 2001)). The Magistrate Judge found the Commissioner has failed to meet such burden, as the only evidence on the issue of her mental health[2] supports her claim for disability (Id.). Accordingly, concluded the Magistrate Judge, the ALJ erred in finding medical improvement (Id.). Because the Magistrate Judge found proof of disability overwhelming and that a remand would serve no purpose other than delay, he recommended this matter be remanded for an immediate award of benefits, and this case be closed (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994)).

**B. Defendant's Objection**

Defendant argues that when the Magistrate Judge concluded that there was not medical improvement, he only referred to evidence regarding Plaintiff's mental impairments (doc. 20). Defendant contends the ALJ thoroughly discussed evidence showing significant medical improvement of Plaintiff's physical impairments, and Plaintiff did not dispute such findings (Id.). In Defendant's view, the ALJ only needed to show "any decrease" in the

---

[2] Dr. Stoudmire's records from Forensic and Mental Health Services, and the hospitalization at Ft. Hamilton Hughes in July 2007.

6

severity of Plaintiff's impairments, and he did so (Id.). Further, Defendant argues the ALJ was restrictive in his residual functional capacity ("RFC") finding, acccommodating all of Plaintiff's mental restrictions (Id.). Specifically, Defendant argues, the ALJ limited Plaintiff to no interaction with the general public, no more than occasional interaction with coworkers or supervisors, and only to simple repetitive tasks with short and simple instructions (Id.). As such, Defendant contends the ALJ's RFC finding was supported by substantial evidence, he reasonably accommodated Plaintiff's mental impairments, and his decision should be upheld (Id.).

## C. Plaintiff's Response

Plaintiff responds that the only evidence in the record regarding her mental health is dispositive, since it shows she continued to meet the medical requirements for disability based on her mental impairments (doc. 22). Plaintiff contends the burden is on the administration to show substantial improvement, and the Magistrate Judge was correct to find improper the ALJ's finding of medical improvement on such limited records (Id.). In fact, concludes Plaintiff, there is no evidence of medical improvement of her psychological condition, but rather there is evidence that such condition has continued (Id.).

## D. Analysis

Having reviewed and considered this matter de novo, the

Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 19), and denies Defendant's Objections (doc. 20).

The Court agrees that the record lacks the requisite substantial evidence of improvement in Plaintiff's mental condition so as to justify a termination of benefits. Regardless of any improvement in Plaintiff's physical condition, it is clear that her mental condition was not adequately considered, as the record does not show any decrease in its medical severity. 20 C.F.R. 404.1594. As such, the administration failed to meet its burden of proof to terminate Plaintiff's benefits. Nierzwick v. Comm'n of Soc. Sec., 7 Fed. Appx. 358, 361 (6th Cir. 2001).

The Court agrees with the Magistrate Judge's determination that Plaintiff is entitled to benefits and the record is devoid of significant evidence to the contrary. Accordingly, this matter should be remanded for an award of benefits. Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994).

### III. Conclusion

The Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 19), REVERSES this case pursuant to

Sentence Four of 42 U.S.C. § 405(g), and REMANDS this case for an award of benefits.

SO ORDERED.

Date: 12/22/10

_____
S. Arthur Spiegel
United States Senior District Judge